## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM KENNETH MILLER,
                    Plaintiff,

         v.                                                    Civil Action No. 10-2247

MICHAEL J. ASTRUE, Commissioner of
Social Security,
                    Defendant.


## MEMORANDUM

Baylson, J.                                                           June 29, 2012

        On December 30, 2011, United States Magistrate Judge David R. Strawbridge

filed a Report and Recommendation ("R&R") (ECF No. 15.) recommending that the final

decision of the Commissioner of the Social Security Administration be vacated and this

matter be remanded to the Administrative Law Judge ("ALJ") for further consideration.

(R&R at 20.)  On January 12, 2012, Plaintiff William Kenneth Miller ("Miller") filed

objections to the R&R (ECF No. 16.) arguing that Judge Strawbridge improperly upheld

(1) the ALJ's evaluation of Miller's subjective complaints; and (2) the ALJ's reliance on

the vocational expert's testimony. (Pl.'s Objections at 1-2.)  For the reasons discussed

below, the court will **affirm** and **adopt** Judge Strawbridge's R&R and remand this case

for further proceedings.

I.      **Factual and Procedural Background**[1]

Miller worked for more than thirty years as a teacher and later as a school

administrator. (R. 28-29.)  After retiring from full-time employment in June 2005, Miller

worked as a teacher at a local college on a part-time basis until May 2008.  (R. 146.)  On

July 6, 2009, the date of Miller's hearing before the ALJ, he was 58 years old.  (R. 25.)

In his application for social security benefits, Miller alleged that he was disabled,

beginning in May 2008, due to chronic hip pain, failed bilateral hip replacements, lumbar

spine impairment, diabetes mellitus, depression, hypertension, restless leg syndrome,

hyperlipidemia, insomnia, and hypothyroidism. (R. 58, 98, 102.)  Miller contends that

these impairments result in difficulties "sitting, standing, or walking for long periods of

time," "get[ting] fatigued fast and often," and "concentrat[ing] or focus[ing] for long

periods of time." (R. 111.)

On August 10, 2009, the ALJ issued a decision denying Miller's application for

benefits.  (R. 4.)  On March 25, 2010, Miller's request for an appeal was denied.  Id.

Miller requested review of the administrative decision in this Court pursuant to 42

U.S.C. § 705(g), contending that the ALJ failed to (1) "properly evaluate the medical

evidence," (2) "properly evaluate Miller's subjective complaints," and (3) "show[] that

there are jobs in the local and national economies that [Miller] can perform." (Pl. Br. at 3,

---

[1]       Because the R&R sets out the background of the case in detail, only a brief
summary will be provided here.

ECF No. 10.)  This case was referred to United States Magistrate Judge David R.

Strawbridge for an R&R.  In his December 30, 2011 R&R, Judge Strawbridge concluded

that the ALJ's failure to comment on medical evidence of depression constitutes

reversible error, and recommended remand to the Commissioner for further consideration.

(R&R at 20.)  Judge Strawbridge recommended that the ALJ's decision be otherwise

upheld, while recognizing that "the ALJ's decision would have benefitted from further

elaboration on why he discredited [Miller's] subjective complaints."  (Id. at 16-17, 19.)

The Commissioner has filed no objections to the R&R; Miller's objections are discussed

below.

II.     **Discussion**

      A.     **Jurisdiction and Standard of Review**

The ALJ had jurisdiction under 42 U.S.C. § 405(b).  This court has jurisdiction

under 42 U.S.C. § 405(g).

When an objection to an R&R is filed, the court reviews de novo the portions of

the R&R to which specific objections have been made.  Sample v. Diecks, 885 F.2d 1099,

1106 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6 (3d Cir.1984).  In doing so, the court

"may accept, reject, or modify, in whole or in part, the findings and recommendations"

contained in the R&R.  28 U.S.C. § 636(b)(1).

In reviewing a final decision of the Commissioner of Social Security, a court must

determine whether the Commissioner's decision that a claimant is not disabled is

supported by substantial evidence in the record.  42 U.S.C. §§ 405(g), 1383(c)(3).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359

(3d Cir. 2011) (internal quotation marks and citation omitted).  If supported by substantial

evidence, the Commissioner's finding is conclusive.  42 U.S.C. § 405(g).  The court

exercises plenary review over the Commissioner's legal conclusions.  Id.

   **B.     Analysis**

   **1.     The ALJ's Evaluation of Miller's Medical Evidence**

Judge Strawbridge recommends remanding the case to the ALJ for further

consideration of medical evidence relating to Miller's depression. The parties have not

objected to this recommendation, and it will be adopted.  Miller claimed that the ALJ's

conclusion that Miller is not disabled was not supported by substantial evidence because

the ALJ failed to properly consider the medical evidence in the record when classifying

Miller's depression as a non-severe impairment.  (Pl. Br. at 4.)  Because the ALJ did not

discuss medical evidence in the record relating to Miller's depression—namely an

assessment of Miller's case by the state's psychological consultant, Dr. Manduchi, and a

questionnaire completed by one of Miller's primary care physicians, Dr. Boorazian—it is

not possible for the court to determine whether the ALJ took this evidence into

consideration in assessing Miller's residual functional capacity. See Burnett v. Comm'r of

Soc. Sec., 220 F.3d 112, 121 (3d Cir. 2002) (holding that the ALJ erred by failing to

"consider and explain his reasons for discounting all of the pertinent evidence before him in making his residual functional capacity determination").

### 2.    Subjective Complaints

The ALJ found that Miller's statements about "the intensity, persistence, and limiting effects of his symptoms" lacked credibility. (R. 16.)  Judge Strawbridge concluded that the ALJ's finding was supported by substantial evidence. (R&R at 16.) Miller objects to that conclusion.

When assessing the credibility of a claimant's testimony with respect to his or her symptoms and how those symptoms affect the claimant's ability to work, an ALJ must consider both the claimant's statements about his or her symptoms and any medical evidence bearing on those symptoms. 20 C.F.R. § 404.1529.  A claimant's subjective complaints, when supported by medical evidence, should be given "great weight" and may not be disregarded absent contrary medical evidence.  Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985).

In the present case, the ALJ acknowledged that Miller's subjective complaints were supported by medical evidence.  (R.16.)  However, the ALJ found that Miller's subjective complaints were not entirely credible.  (Id.)  The ALJ noted for example that those complaints were inconsistent with the residual functional capacity assessment. (Id.) Miller's testimony concerning his daily activities also undermined his subjective

complaints.[2]  Miller testified that while his pain is exacerbated when walking one block,

he is able to read, walk short distances, ride his tractor, and do some cleaning and

laundry. (R. 39-41.)  Miller further testified that he is able to sit through an-hour-long TV

shows, if "[his] restless legs don't flare up."  (R. 41.)  Finally, there was medical evidence

in the record that contradicted Miller's subjective complaints.  Dr. Stafford's report

indicated that Miller's restless leg syndrome "is completely controlled with the current

medication regimen."  (R. 16.)

As Judge Strawbridge noted, the ALJ's credibility determination could have

benefitted from further elaboration.  (R&R at 16.)  Nevertheless, the ALJ's credibility

determination was supported by substantial evidence, such as Dr. Stafford's report.  This

Court also agrees with Judge Strawbridge that, in assessing Miller's subjective

complaints, "the ALJ did accept that Plaintiff had serious restrictions, as reflected in

many specific limitations he included in his RFC."[3]  (Id.)

---

[2]    An ALJ may consider a claimant's daily activities, pain, and medication in
evaluating the claimant's subjective complaints for purposes of determining his or her
residual functional capacity under the regulations. 20 C.F.R. § 404.1529(c)(3)(i)-(vii);
See also Carnes v. Comm'r of Soc. Sec., No. 08-99, 2008 WL 4810771 at *3, *6 (W.D.
Pa. Nov. 4, 2008) (daily activities, together with objective medical evidence, may be a
basis to discredit subjective complaints).

[3]    The ALJ, based on the Vocational Expert's testimony, found that "[Miller]
has the residual functional capacity to perform sedentary work ..., provided the following
limitations apply: (1) needs to sit and stand at will; (2) stand and/pr walk for 2 hours in an
8 hour work day; (3) sit for 6 hours in an 8 hour work day; ... (11) at times he has a flare
or an exacerbation of pain in the lower extremities which requires him to sit and not more
his legs at all or his body for at least a half an hour each time; and (12) when restless leg
syndrome affects him, he must sit still with his legs elevated for an half an hour to an

In reviewing the administrative record and the ALJ's opinion, this Court agrees

with Judge Strawbridge that, "[o]n the whole," (id.), the ALJ's credibility finding is

supported by substantial evidence, while also recognizing that the ALJ's credibility

finding "would have benefitted from further elaboration."[4] (Id.)

### 3.    Vocational Adjustment

Miller also objects to the R&R's second conclusion, that the ALJ properly relied

on the Vocational Expert's testimony in determining whether there are jobs in the national

economy that Miller could perform. (Pl.'s Objections at 4.)  Miller argues that the

testimony of the Vocational Expert ("VE") was insufficient because it did not speak to

"whether Miller would have to make more than 'very little' adjustment in terms of work

settings." (Id. at 5.)

In assessing whether any occupations exist which could be performed by Miller,

the VE testified that "an individual with the same age, education, past relevant work

experience, and residual functional capacity as the claimant" could perform some skilled,

hour." (R. 15.)

[4]    Miller also argues that the ALJ erred in failing to account for his long work history in assessing his credibility.  "When a claimant has a long work history, [his] testimony concerning the limiting effects of [his] medical conditions in entitled to substantial credibility." Jester v. Astrue, 2009 WL 347838 at *5 (E.D. Pa. Feb. 11, 2009) (citing Dobrowolsky v. Califano, 606 F.2d 403, 409 (3d Cir. 1979)).  As discussed in the R&R, Miller, like the plaintiffs in both Jester and Dobrowolsky, had a long work history which included working many years with the same employer. (R&R at 16, R. 29, 123, 146.)  The ALJ's omission of any consideration of Miller's work history, however, may not alone constitute reversible error.

sedentary work such as (1) "extension web based work (DOT# 090.227-018)" and (2) "financial aid officer (DOT# 090.117-030)." (R. 43-48.)  The VE further testified that Miller's past work skills would be directly transferable to these jobs, which involve the same subject matter and services, "[t]hat is the work field of administering," (R. 43-44, 47) and that [Miller's] need to elevate his legs (R. 45) would not have any impact on the claimant's ability to perform either of these jobs. (R. 47-48.)  Regarding the vocational adjustment Miller would have to make, the ALJ concluded, based on the VE's testimony, that "[Miller] would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry." (R. 19.)

The ALJ properly relied upon the VE's testimony in concluding that "[Miller] has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy." (R. 18.) "[W]here job skills have universal applicability across industry lines, e.g., ... professional, administrative, or managerial types of jobs, transferability of skills ... can usually be accomplished with <u>very little</u>, if any, vocational adjustment where jobs with similar skills can be identified as being within an individual's [residual functional capacity]." S.S.R. 82-41, 1982 WL 31389 (emphasis added).

The ALJ did not commit reversible error in failing to address whether Miller has to make very little vocational adjustment or in finding that Miller could perform sedentary work, with certain limitations described in footnote 2 <u>supra</u>.  However, the ALJ's

consideration on remand of pertinent medical evidence related to Miller's depression, and

the ALJ's more careful consideration of the medical evidence in assessing the credibility

of Miller's report of his symptoms, may affect the ALJ's assessment of Miller's residual

functional capacity, which may in turn necessitate a redetermination of Miller's ability to

perform jobs existing in significant numbers in the national economy.[5]

**C.     Conclusion**

After reviewing the record and the parties' submissions and giving "reasoned

consideration to the magistrate's report before adopting it as the decision of the court,"

Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), this court adopts the Magistrate

Judge's finding that the ALJ's decision is not supported by substantial evidence because

the ALJ failed to mention Dr. Manduchi's assessment.  In the accompanying order, this

case will be remanded to the Commissioner for further proceedings consistent with this

memorandum.

O:\CIVIL 10\10-2247.Miller.v.Astrue.wpd

---

[5]In his objections, Miller further argues that the Magistrate Judge incorrectly defined "severe impairment" at step two of the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520.  (Pl.'s Objections at 2.)  Miller also objects to the Magistrate Judge's opinion that "Dr. Boornazian's opinion about Miller's limited ability to deal with stress does not support a finding that Miller's depression was a severe impairment." (Id.)   Miller acknowledges and the court concludes that the difference in the definition of severe impairment and the Magistrate Judge's characterization of Dr. Boornazian's opinion have no impact upon the resolution of the issues in this case.